UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ AUG 25 2010 ★
BROOKLYN OFFICE

------------------------------------------------------------X

MONIQUE MINNUS, CHIAWEI CHUANG,
DANIEL MATOS, CRYSTAL M. MATOS, and
MARTHA FLORES VAZQUEZ,

               Plaintiffs,

-against-

THE BOARD OF ELECTIONS IN THE CITY OF NEW YORK,

               Defendant,

------------------------------------------------------------X

COMPLAINT

Docket No. CV 10-3918

GERSHON, J
LEVY, M.J

The Plaintiffs by their Attorney Neil Grimaldi, Esq., complaining of Defendant Board of Elections in the City of New York allege as follows:

### PRELIMINARY STATEMENT

1. This is an action requesting declaratory and injunctive relief against the Defendant Board arising from the Defendant's unconstitutional deprivation of the candidate plaintiff's right to vote and run for elective office and the Right to Vote of the other voter plaintiffs by wrongfully and under the color of State law invalidating the Democratic Party Designating Petition designating Martha Flores Vazquez as a candidate for the Party Position of District Leader, from Executive District Part A, located wholly within the 22nd Assembly District, County of Queens, City and State of New York.

2. The Plaintiffs allege that the Defendant Board deprived them of their right to vote by wrongfully, intentionally, recklessly and negligently interpreting or misconstruing the literal and judicial interpretation of the New York State Election Law so as to disqualify the Honorable Martha Flores Vazquez, the current incumbent female District Leader of Executive District Part A, 22nd Assembly District, from being a candidate for re-election at the Primary Election to be held on September 14, 2010

3. The Plaintiffs seek declaratory and preliminary and permanent injunctive relief pursuant to Rule 65(a) and (b) F.R.C.P.:

   a) Declaring unconstitutional as applied New York State Election Law Section 2-110; and

   b) Declaring unconstitutional New York State Election Law Section 16-102; and

   c) Declaring unconstitutional and illegal and therefore null, void, and of no legal effect the vote of the Commissioners of Elections in the City of New York on July 29, 2010 declaring invalid the Democratic Party Designating Petition designating Martha Flores Vasquez as a candidate for the Party Position of District Leader, from Executive District Part A, located wholly within the 22nd Assembly District, County of Queens, City and State of New York; and

d) Commanding the Defendant Board of Elections in the City of New York to conduct a contested Democratic Party Primary Election to be held on September 14, 2010 for the Party Position of District Leader, from Executive District Part A, located wholly within the 22nd Assembly District, County of Queens, City and State of New York; and

e) Enjoining and restraining the Board of Elections in the City of New York from printing any official ballot papers and utilizing any voting machines in the Democratic Party Primary Election to be held on September 14, 2010 in Executive District Part A, of the 22nd Assembly District, County of Queens, City and State of New York which does not contain the name of Martha Flores Vazquez; and

f) Declaring valid, proper and legally effective the Democratic Party Designating Petition filed with the Board of Elections in the City of New York on or about July 12, 2010, designating the above named candidate, Martha Flores Vazquez, as a candidate for the Party Position of District Leader, from Executive District Part A, located wholly within the 22nd Assembly District, County of Queens, City and State of New York; and

g) Placing and protecting the Candidate Plaintiff's name on the Official Primary Ballot and voting machines to be used in the Democratic Party Primary Election to be held on September 14, 2010 for said Party Position; and

h) Granting such other and further relief as to this Court may seem just and proper; and

## JURISDICTION AND VENUE

4. The jurisdiction of this Court over claims arising under Section 2 of the Voting Rights Act, 42 U.S.C § 1973 and the Civil Rights Act, 42 U.S.C. § 1983, is founded upon 28 U.S.C. § 1343(a). The jurisdiction over claims arising under the First, Fourteenth, and Fifteenth Amendments of the U.S. Constitution, 2 U.S.C. § 2, is founded upon 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a); and the pendent jurisdiction of this Court to adjudicate State law claims.

5. Venue is proper under 28 U.S.C. § 1391(b). This action concerns the designation/nomination, and election of a female District Leader from Executive District Part A of the 22nd Assembly District, County of Queens, City and State of New York, which is a political subdivision located wholly within the Eastern District of New York.

## THE PARTIES

6. Plaintiff MONIQUE MINNUS is a citizen of the United States and of the State of New York residing at 142-27 Barclay Avenue, Apt. #308, Flushing, County of Queens, City and State of New York, who is a registered voter and enrolled Democrat eligible to cast a vote for the Party Position of District Leader from Executive District Part A, located wholly within the 22nd Assembly District. Ms. Minnus is a subscribing witness to the Vazquez Petition. She is an African-American female, and as such is a

member of a protected class of persons.

7. Plaintiff CHIAWEI CHUANG is a citizen of the United States and of the State of New York residing at 144-27 32nd Avenue, Flushing, County of Queens, City and State of New York, who is a registered voter and enrolled Democrat eligible to cast a vote for the Party Position of District Leader from Executive District Part A, located wholly within the 22nd Assembly District. Ms. Chuang is a subscribing witness of the Vazquez Petition and a member of the Committee to Fill Vacancies. She is a Chinese-American female, and as such is a member of a protected class of persons.

8. Plaintiff DANIEL MATOS is a citizen of the United States and of the State of New York residing at 143-40 41st Avenue, Apt. 2A, Flushing, County of Queens, City and State of New York, who is a registered voter and enrolled Democrat eligible to cast a vote for the Party Position of District Leader from Executive District Part A, located wholly within the 22nd Assembly District. Mr. Matos is a voter signer of the Vazquez Petition. He is a Hispanic-American male, and as such is a member of a protected class of persons.

9. Plaintiff CHRYSTAL M. MATOS is a citizen of the United States and of the State of New York residing at 143-40 41st Avenue, Apt. 2A, Flushing, County of Queens, City and State of New York, who is a registered voter and enrolled Democrat eligible to cast a vote for the Party Position of District Leader from Executive District Part A, located wholly within the 22nd Assembly District. Ms. Matos is a voter signer of the Vazquez Petition. She is a Hispanic-American female, and as such is a member of a protected class of persons.

10. Plaintiff MARTHA FLORES VAZQUEZ is a citizen of the United States and of the State of New York, residing and qualified to vote at 143-40 41st Avenue, Apt. 3H, Flushing, County of Queens, City and State of New York, who is a registered voter and enrolled Democrat and eligible to cast a vote for and be a candidate for the Party Position of District Leader from Executive District Part A, located wholly within the 22nd Assembly District. She is a Hispanic-American female, and as such is a member of a protected class of persons. Ms. Vazquez is the current incumbent female District Leader of Executive District Part A, 22nd Assembly District, and a candidate for re-election at the Primary Election to be held on September 14, 2010.

11. Defendant BOARD OF ELECTIONS IN THE CITY OF NEW YORK is constituted pursuant to the New York State Election Law and has statutory powers, duties, and responsibilities as an Agency of the State of New York and a Municipal Agency of the City of New York concerning the conduct of elections within the City of New York and is further charged with the duty of receiving and filing nominating petitions for the designation of candidates for election to Party Positions, nominations for Public Office, in all the districts and political subdivisions situated in the City of New York, and with placing and removing candidates from the official Primary and General Election ballots.

**STATEMENT OF FACTS**

12. On or about June 8, 2010, Plaintiffs began to circulate a Democratic Party Designating Petition to place incumbent District Leader Martha Flores Vazquez on the ballot for the Primary Election to be held on September 14, 2010 in accordance with the New York State Election Law and the Rules of the Board of Elections.

13. On or about July 12, 2010, District Leader Martha Flores Vazquez filed her Democratic Party Designating Petition with the Defendant Board

14. On or about July 29, 2010, the Commissioners of Elections in the City of New York, in administrative Hearing held at the Commissioners' Hearing Room, on the 6th floor at 42 Broadway, County of New York, City and State of New York, made a ruling invalidating the Petition of Ms. Vazquez.

22. Political campaigns in the 22nd Assembly District, including the 2002, 2004, 2006, and 2008 campaigns for City Council, State Assembly, and State Senate have been marked by racial appeals as well as attempts to intimidate minority voters and candidates.

## FIRST CAUSE OF ACTION

22. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1 through XX" of this Complaint with the same force and effect as if fully set forth herein.

23. Unconstitutional statutes

## SECOND CAUSE OF ACTION

23. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1 through 22" of this Complaint with the same force and effect as if fully set forth herein.

24. Under the totality of circumstances, African-American and Hispanic-American citizens who are qualified and registered to vote and enrolled in the Democratic Party in the political subdivision of Executive District Part A, 22nd Assembly District, Queens County, are unlawfully disadvantaged by a series of methods and practices which by design are meant to produce one-candidate uncontested elections thus denying them an opportunity equal to that afforded other members of the electorate to participate in the political process and elect representatives of their choice, in violation of Section 2 of the Voting Rights Act, 42 U.S.C. § 1973.

25. Unless enjoined by order of this Court, Defendant Board will continue to artificially create and conduct uncontested elections for the City of New York by utilizing methods and practices including but not limited to imposing legal interpretations based upon fundamental misapprehensions of the law so as to deny African-American and Hispanic-American citizens the opportunity to participate equally with White and Asian-American citizens in the political process and to elect candidates of their choice in violation of Section 2 of the Voting Rights Act, 42 U.S.C. § 1973.

### THIRD CAUSE OF ACTION

26. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1 through 25" of this Complaint with the same force and effect as if fully set forth herein.

27. According to the 2000 decennial census, and the New York State Legislative Task Force on Demographic Research and Reapportionment the population of the 22nd Assembly District is approximately

### FOURTH CAUSE OF ACTION

34. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1 through 33" of this Complaint with the same force and effect as if fully set forth herein.

35. The deprivation without Due Process and further denies him Equal Protection of the law in direct violation of the Fourteenth Amendment to the U.S Constitution and 42 U.S.C § 1983, the Civil Rights Act.

### FIFTH CAUSE OF ACTION

36. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1 through 35" of this Complaint with the same force and effect as if fully set forth herein.

41. State Law Claim

### PRAYER FOR RELIEF

45. There is a real and actual controversy between the Parties. Plaintiffs have no adequate remedy at law other than this action for declaratory and injunctive relief. The Plaintiff will suffer irreparable injury as a result of the unlawful Acts of Defendants complained of herein and that injury will continue unless enjoined by this Court.

46. The Acts of Defendants and others described are mentioned under color of law of the State of New York.

47. No previous application has been made for the Order or Judgment asked for herein or for a similar Order or Judgment.

48. WHEREFORE, the Plaintiff respectfully prays that:

a. This Court take jurisdiction of the cause of action; and
b. Declare unconstitutional as applied New York State Election Law Section 2-110; and
c. Declare unconstitutional New York State Election Law Section 16-102; and
d. Declare unconstitutional and illegal and therefore null, void, and of no legal effect the vote of the Commissioners of Elections in the City of New York on July 29,2010 declaring invalid the Democratic Party Designating Petition designating Martha Flores Vazquez as a candidate for the Party Position of District Leader, from Executive District Part A, located wholly within the 22nd Assembly District, County of Queens, City and State of New York;

and

e. Command the Defendant Board of Elections in the City of New York to conduct a contested Democratic Party Primary Election to be held on September 14, 2010 for the Party Position of District Leader, from Executive District Part A, located wholly within the 22nd Assembly District, County of Queens, City and State of New York; and

f. Enjoin and restrain the Board of Elections in the City of New York from printing any official ballot papers and utilizing any voting machines in the Democratic Party Primary Election to be held on September 14, 2010 in Executive District Part A, of the 22nd Assembly District, County of Queens, City and State of New York which does not contain the name of Martha Flores Vazquez; and

g. Declare valid, proper and legally effective the Democratic Party Designating Petition filed with the Board of Elections in the City of New York on or about July 12, 2010, designating the above named candidate, Martha Flores Vazquez, as a candidate for the Party Position of District Leader, from Executive District Part A, located wholly within the 22nd Assembly District, County of Queens, City and State of New York; and

h. Place and protect the Candidate Plaintiff's name on the Official Primary Ballot and voting machines to be used in the Democratic Party Primary Election to be held on September 14, 2010 for said Party Position; and

i. Award the Plaintiff the costs and disbursements associated with the filing and maintenance of this action; and

j. Grant such other and further relief as to this Court may seem just and proper.

Dated: August 25, 2010
Bronx, New York

/s/ Neil Grimaldi, Esq.
**Neil Grimaldi, Esq. (NG-5087)**
Attorney for Plaintiffs
2860 Buhre Avenue
Bronx, NY 10461
Tel: (646) 229-7974

STATE OF NEW YORK

COUNTY OF QUEENS

## VERIFICATION

Monique Minnus being duly sworn, deposes and says: That she is the plaintiff herein, that she has read the foregoing petition and knows the contents therefore that the same is true to her own knowledge except as to those matters alleged on information and belief and that as to those matters she believes it to be true.

Sworn to before me
this 23 of August 2010

NELSON LEE
Notary Public, State of New York
No. 01LE6058593
Qualified in Queens County
Commission Expires May 14, 20 11

STATE OF NEW YORK

COUNTY OF QUEENS

**VERIFICATION**

Chiawei Chuang being duly sworn, deposes and says: That he/she is the plaintiff herein, that he/she has read the foregoing petition and knows the contents therefore that the same is true to her own knowledge except as to those matters alleged on information and belief and that as to those matters she believes it to be true.

Sworn to before me
this 23 of August 2010

NELSON LEE
Notary Public, State of New York
No. 01LE6058593
Qualified in Queens County
Commission Expires May 14, 20 11

STATE OF NEW YORK

COUNTY OF QUEENS

## VERIFICATION

Daniel Matos being duly sworn, deposes and says: That he is the plaintiff herein, that he has read the foregoing petition and knows the contents therefore that the same is true to his own knowledge except as to those matters alleged on information and belief and that as to those matters she believes it to be true.

*Daniel Matos*

Sworn to before me
this 23 of August 2010

NELSON LEE
Notary Public, State of New York
No. 01LE6058593
Qualified in Queens County
Commission Expires May 14, 20 11

STATE OF NEW YORK

COUNTY OF QUEENS

**VERIFICATION**

Crystal M. Matos being duly sworn, deposes and says: That she is the plaintiff herein, that she has read the foregoing petition and knows the contents therefore that the same is true to her own knowledge except as to those matters alleged on information and belief and that as to those matters she believes it to be true.

*[Signature: Crystal Matos]*

Sworn to before me
this 23 of August 2010

*[Signature]*
NELSON LEE
Notary Public, State of New York
No. 01LE6058593
Qualified In Queens County
Commission Expires May 14, 20 11

STATE OF NEW YORK

COUNTY OF QUEENS

### VERIFICATION

Martha Flores Vazquez being duly sworn, deposes and says: That she is the plaintiff herein, that she has read the foregoing petition and knows the contents therefore that the same is true to her own knowledge except as to those matters alleged on information and belief and that as to those matters she believes it to be true.

Sworn to before me
this 23 of August 2010

NELSON LEE
Notary Public, State of New York
No. 01LE6058593
Qualified in Queens County
Commission Expires May 14, 20 11